IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────────────────────────

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                                                                                                       ORDER

                            Plaintiff,

v.                                                                                     08-cv-565-slc

OLSTEN STAFFING SERVICES CORP.,

                            Defendant.
─────────────────────────────────────────────────────────────────

       Before the court in this civil action brought pursuant to the Americans with Disabilities Act are three discovery motions. Defendant Olsten Staffing Services Corporation has moved to compel plaintiff EEOC's production of documents related to its investigation of the disability discrimination charges filed by Zachary Schaefer against defendant and a third party, Main Street Ingedients, and the conciliation agreement reached with Main Street. Dkt. 42. Plaintiff objects to the requests, citing statutory investigation and conciliation privileges, governmental deliberative process privilege, attorney-client privilege and work product. Plaintiff and Main Street have filed separate motions to quash sections 1 and 2 of a subpoena directed at Main Street that seeks all conciliation materials and correspondence between plaintiff and Main Street. Dkts. 47-48.

       Having considered the parties' submissions, I find that the information sought by defendant is protected under federal statute. Therefore, I am denying defendant's motion to compel and granting the motions of plaintiff and Main Street to quash items 1 and 2 of the

subpoena directed at Main Street. I note that it is this court's practice not to permit reply briefs or oral arguments on discovery motions. In accordance with that practice, no reply deadline was set on the motions before the court. Therefore, plaintiff's reply brief, dkt. 64, will be disregarded and defendant's motion to file a reply brief, dkt. 67, will be denied.

ANALYSIS

On March 9, 2009, plaintiff filed its responses to defendant's first discovery requests, providing defendant with a privilege log and objecting to Requests for Production No. 6-7 and 11-13. Specifically, plaintiff refused to produce documents relating to communications that either it or Zachary Schaeffer may have had with either Main Street or Dawn Marie Harris of O'Flaherty Heim Egan, Ltd. (Nos. 6-7); its complete investigation file relating to Schaefer (No. 11); documents relating to any settlement or conciliation between the EEOC or Schaefer and defendant (No. 12); and documents relating to any settlement or conciliation between the EEOC or Schaeffer and Main Street (No. 13). In mid-June 2009, plaintiff and Main Street each filed a motion to quash defendant's subpoena directed at Main Street for the production of the investigatory and conciliation documents involving Schaefer.

Both plaintiff and Main Street base its objections on the investigation privilege under § 709(e) of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-8(e), and the conciliation privilege under § 706(b) of Title VII, codified at 42 U.S.C. § 2000e-5(b). Although plaintiff also raised attorney-client privilege, work product and the governmental deliberative process privilege objections to the discovery requests, it has not argued these grounds in its

2

opposition brief. Accordingly, I will consider those arguments waived. *Central States, Southeast & Southwest Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808 (7th Cir. 1999) ("Arguments not developed in any meaningful way are waived.").

> With respect to conciliations, § 2000e-5(b) provides that:
>
> If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

Similarly, with respect to evidence obtained during an investigation of a discrimination charge, § 2000e-8(e) provides that:

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information.

As plaintiff points out, the Supreme Court discussed these provisions in *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 598 n.13 (1981), concluding that neither the charging party or the respondent in an EEOC proceeding is a member of the public under the statute. However, the Court went on to state that "though Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in the statute or its legislative history reveals any intent to allow the Commission to reveal to that charging party information in the files of other charging parties who have brought claims against the same employer." *Id.* at 603.

> The situation in this case is somewhat different than that in *Associated Dry Goods* because

3

it is the respondent who seeks information from the file of another respondent.  However, I do not see why the same reasoning would not hold true.  Defendant was not a party in Schaefer's charge against Main Street.  Although the EEOC apparently considered consolidating the two charges, it failed to do so.  Under federal law, plaintiff cannot disclose its investigatory file or information concerning the conciliation with Main Street to a third party.  *See Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 880-81 (5th Cir. 1981) (finding disclosure to defendant of details of plaintiff's charges against his prior employers "might undermine the purpose of section 706(b) if potential parties feared that their filings could be the subject of discovery").  Therefore, defendant's motion to compel production with respect to Requests Nos. 6-7, 11 and 13 will be denied to the extent that the requests seek information regarding the investigation of Main Street or plaintiff or Schaefer's conciliation with Main Street.

Citing an unpublished district court case, defendant argues that the non-disclosure provisions do not cover the conciliation agreement itself because the parties may need to enforce that agreement.  *See Cooper v. Bd. of Sup'rs of Louisiana State Univ. and Agr. and Mech. Coll.*, 2004 WL 1208517, * (E.D. La. Jun. 1, 2004) (concluding conciliation agreement is not something "said or done during and as part of such informal endeavors [of conference, conciliation, and persuasion].").  Although this reasoning could apply to an agreement reached between the parties in this case, I find it inapposite to a conciliation agreement reached between the EEOC and a third party and inconsistent with the purpose of the non-disclosure statutes.  Defendant claims that the agreement is relevant to whether plaintiff attempted to conciliate in good faith

4

with defendant. However, I agree with plaintiff that its conciliation efforts with Main Street have little bearing on whether it undertook such efforts with defendant.

To the extent that Request No. 11 seeks the investigatory file concerning the charge brought against *defendant*, that disclosure is not prohibited under § 2000e-8(e). However, defendant cannot obtain information from plaintiff related to any settlement or conciliation it may have had with plaintiff or Schaeffer (Request No. 12) because neither plaintiff or Schaeffer have consented to the release of that information. *See* § 2000e-5(b). Although the statute states that the conciliation information may not be used as *evidence* without the participants' consent, courts considering this issue have found that it also applies to discovery. *Branch*, 638 F.2d at 880-81 ("obvious purpose of the statute's prohibition on revealing statements made or actions taken during the Commission's conciliation efforts is to promote the congressional policy favoring unlitigated resolution of employment discrimination claims"); *Haykel v. G.F.L. Furniture Leasing Co.*, 76 F.R.D. 386, 392 (D. C. Ga. 1976) (noting discovery of this material would destroy openness and informality of conciliation and chill litigants' future interest in conciliation).

Defendant attempts to argue that because it directed its subpoena at Main Street, it does not run afoul of the statutory non-disclosure provisions because those provisions apply only to the EEOC and not Main Street. I am not persuaded by this argument. Such an interpretation would create an end run around the statute, at least in this case. As the Supreme Court in *Associated Dry Goods* pointed out, a co-sponsor of the Senate bill explained "[th]e maximum results from the voluntary approach will be achieved *if the investigation and conciliation are carried*

*on in privacy*. If voluntary compliance with this title is not achieved, the dispute will be fully exposed to public view when a court suit is filed." 449 U.S. at 600, n.16 (quoting 110 Cong. Rec. 8193 (1964) (emphasis added)). Therefore, I will grant both of the motions to quash.

ORDER

IT IS ORDERED that:

(1) Defendant's motion to compel production of documents, dkt. 42, is DENIED;

(2) The motions filed by plaintiff and Main Street Ingredients to quash items 1 and 2 of the subpoena directed to Main Street Ingredients, dkts. 47 and 48, are GRANTED;

(3) Defendant's motion to file a reply brief, dkt. 67, is DENIED; and

(4) The parties and Main Street will bear their own costs in bringing these competing motions.

Entered this 18th day of June, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge