IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                          Plaintiff,

v.

OLSTEN STAFFING SERVICES CORP.,

                          Defendant.

MEMORANDUM

08-cv-565-slc

---

      This suit under the Americans with Disabilities Act has settled in principle, but the parties cannot agree on how to dispose of the case. In letters filed with the court, both sides state that they are ready to enter into a consent decree and they agree that the case may be "closed," but they disagree whether the case should be "dismissed." *See* dkt. 148 and 149. Defendant Olsten Staffing Services Corp. believes the court should enter an order dismissing the case without prejudice. The EEOC argues that dismissal is "unnecessary" because a "consent decree is a type of judgment (a consent judgment) and therefore is a resolution of the claims before the court." Dkt. 148, at 1.

      Each party argues that the other one is making much ado about nothing; I agree with both of them. Presumably, Olsten's concern is ensuring that it cannot be subjected to additional claims arising out of the same facts, but it does not disagree with the EEOC's view that a consent decree would accomplish that purpose whether or not the case is "dismissed" after the consent decree is entered. Olsten identifies no other reason for opposing the EEOC's position.

      As for the EEOC, it wants to make sure that it can bring to this court any disputes that arise out of the consent decree, but it seems to acquiesce to Olsten's view that a dismissal

without prejudice would keep that option available.  The only reason the EEOC identifies for objecting to a dismissal without prejudice is that it could interfere with the consent decree's "general deterrent effect." Dkt. 148, at 2.  The EEOC does not explain further, but presumably it believes that a "consent decree with a dismissal" would have a weaker deterrent effect than a consent decree by itself.  However, as even the EEOC acknowledges, that concern carries no legal weight.

Because the parties' dispute appears to have no practical effect under the law, it makes little sense  for the parties or the court to devote substantial time and resources to it.  As the parties recognize, in *Sierra Club v. Jackson*, No. 08-cv-664-bbc (W.D. Wis. May 27, 2009), Judge Crabb concluded that the proper course of action was to dismiss the case without prejudice after the consent decree is entered in order to retain jurisdiction over the case.  Although the EEOC disagrees with Judge Crabb's approach in *Sierra Club*, it does not cite any authority showing that the decision was wrong.  That's good enough for me.  Once the parties file their proposed consent decree and I approve it, I will dismiss the case without prejudice.

Entered this 4th day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge